Mark S. Middlemas, USB No. 9252
Hillary R. McCormack, USB No. 11719
LUNDBERG & ASSOCIATES, PC
3269 South Main Street, Suite 100
Salt Lake City, UT 84115
(801) 263-3400
(801) 263-6513 (fax)
ECFmailDistGroup@Lundbergfirm.com

Attorneys for Carvana, LLC
L&A Case No. 21.82134.2

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| In re: <br><br> Nicholas Tanner Felsch and Esmeralda Noemi Felsch, <br><br> Debtors. | Bankruptcy No. 21-24807 KRA <br><br> (a Chapter 7 case) <br><br> Filed Electronically |

MOTION OF CARVANA, LLC FOR TERMINATION OF THE AUTOMATIC STAY

Pursuant to 11 U.S.C. §362(d), Bankruptcy Rules 4001 and 9014 and Local Rules 4001-1 and 9013-1, Carvana, LLC ("Creditor"), a secured creditor of the above-referenced debtors, moves the Court to terminate the automatic stay. Bridgecrest Credit Company LLC presently services this loan. Creditor represents as follows:

1.    On November 9, 2021, the debtors filed a petition commencing a case under Chapter 7, Title 11, United States Code.

2.    On or about November 12, 2019, the debtor, Esmeralda Noemi Felsch, purchased a 2017 Jeep Renegade VIN No. ZACCJBBBXHPE89193 (the "Vehicle"). Creditor financed the Vehicle under a Retail Installment Contract (the "Contract"). A copy of the Contract and Title are

attached as **Exhibits A and B**.

3. The Contract and Title create a valid security interest in the Vehicle in favor of Creditor.

4. $14,141.66 is due and owing on the Contract, together with interest. As of November 18, 2021, the debtors are delinquent for the August 13, 2021 to November 13, 2021 payments to the Creditor.

5. The N.A.D.A. Official Guide, a copy of which is attached as **Exhibit C**, values the Vehicle at a high value of $20,800.00.

6. There is little or no equity in the Vehicle and it is not necessary for an effective reorganization. The Vehicle was repossessed prior to the debtors' bankruptcy filing. The debtors did not state any intent in regards to the vehicle, but did acknowledge the repossession. (Docket No. 2.)

7. The debtors' failure to make or maintain payments constitute cause for terminating the automatic stay.

8. The automatic stay provided under 11 U.S.C. § 362(a) should be terminated as to Creditor, and its successors and assigns, and the Creditor permitted to proceed, pursuant to applicable non-bankruptcy law, to exercise all of its legal remedies and rights, including any right of assessment of reasonable fees and costs as provided by contract or statute, against the Property. In the alternative, the debtors should be ordered to provide Creditor with adequate protection of its interest in the Property.

9. Creditor further seeks relief in order to, at its option, offer, provide and enter into

any potential forbearance agreement, loan modification, refinance or other loan workout/loss mitigation agreement, such agreement, if any, to be non-recourse unless included in a reaffirmation agreement. Creditor also seek relief to allow it to contact the debtor via telephone or written correspondence to offer such an agreement.

DATED: November 18, 2021.

                                      LUNDBERG & ASSOCIATES, PC

                                      By: /s/Mark S. Middlemas
                                          Mark S. Middlemas
                                          Attorneys for Creditor

Exhibit "A"

# UTAH CERTIFICATE OF TITLE

## New Title

**Title Number:** UT005819292

**Vehicle Type:** Truck    **Year:** 2017    **Make:** JEEP    **Model:** RENEGADE    **Body Style:** Sport Utility
**VIN/HIN:** ZACCJBBBXHPE89193
**Cylinders:** 4    **Fuel:** G    **Odometer:** 49411    **Date Issued:** 01/15/2020

CARVANA LLC
PO BOX 29002
PHOENIX AZ  85038-9002

**Owner Information:**
ESMERALDA N FELSCH
985 POLE DR
HEBER CITY UT  84032-9616

**Lienholder Information:**
CARVANA LLC
PO BOX 29002
PHOENIX AZ  85038-9002

ODOMETER READING REFLECTS THE ACTUAL MILEAGE

### Request For Lien Change
Complete this section. Send the title and required fee to the Division of Motor Vehicles. Please check one box.

[ ] Issue a title free of liens     [ ] Issue a title showing the following as the NEW LIEN HOLDER

| LIEN RELEASE - Signature of lien holder (releasing interest) | Vehicle owner's signature requesting lien change |
|---|---|
| X | |
| Title of signer | New lien holder's name |
| Date | Address |
| | City      State      ZIP Code |

**Division of Motor Vehicles**
**UTAH STATE TAX COMMISSION**
210 North 1950 West
Salt Lake City, Utah 84134

TC-127 Rev. 03/19 CDR

C 3204309

ANY ALTERATION OR ERASURE VOIDS THIS TITLE

# Exhibit "B"

THIS IS A COPY
This is a copy view of the Authoritative Copy held by the designated custodian
COPY VIEW

UT-102 10/10/2015

# Retail Installment Contract and Security Agreement

| Seller Name and Address | Buyer(s) Name(s) and Address(es) | Summary | |
|---|---|---|---|
| CARVANA, LLC | Esmeralda Noemi Felsch | No. | [redacted] |
| 6299 W 300 N | 985 Pole Dr | Date | 11/12/19 |
| GREENFIELD IN 46140-9349 | Heber City UT 84032 | | |

☐ Business, commercial or agricultural purpose Contract.

## Truth-In-Lending Disclosure

| Annual Percentage Rate | Finance Charge | Amount Financed | Total of Payments | Total Sale Price |
|---|---|---|---|---|
| The cost of your credit as a yearly rate. | The dollar amount the credit will cost you. | The amount of credit provided to you or on your behalf. | The amount you will have paid when you have made all scheduled payments. | The total cost of your purchase on credit, including your down payment of $ 300.00. |
| 12.68 % | $ 7,220.08 | $ 17,464.10 | $ 24,684.18 | $ 24,984.18 |

**Payment Schedule.** Your payment schedule is:

| No. of Payments | Amount of Payments | When Payments are Due |
|---|---|---|
| 68 | $ 358.00 | monthly beginning 12/13/19 |
| 1 | $ 340.18 | 08/13/25 |
| N/A | $ N/A | N/A |

**Security.** You are giving us a security interest in the Property purchased.

**Late Charge.** If all or any portion of a payment is not paid within 10 days of its due date, you will be charged a late charge of the greater of 5% of the unpaid amount of the payment due or $30.00.

**Prepayment.** If you pay off this Contract early, you will not have to pay a penalty.

**Contract Provisions.** You can see the terms of this Contract for any additional information about nonpayment, default, any required repayment before the scheduled date, and prepayment refunds and penalties.

## Description of Property

| Year | Make | Model | Style | Vehicle Identification Number | Odometer Mileage |
|---|---|---|---|---|---|
| 2017 | Jeep | Renegade | Sport Utility | ZACCJBBBXHPE89193 | 49411 |

☐ New
☒ Used
☐ Demo

Other: N/A

## Description of Trade-In

| N/A | N/A | N/A | N/A |
|---|---|---|---|
| N/A | N/A | N/A | N/A |

## Sales Agreement

**Payment.** You promise to pay us the principal amount of $ 17,464.10 plus finance charges accruing on the unpaid balance at the rate of 12.68 % per year from the date of this Contract until maturity. After maturity, or after you default and we demand payment, we will charge finance charges on the unpaid balance at 12.68 % per year. You agree to pay this Contract according to the payment schedule and late charge provisions shown in the *Truth-In-Lending Disclosure*. You also agree to pay any additional amounts according to the terms and conditions of this Contract.

**Down Payment.** You also agree to pay or apply to the Cash Price, on or before the date of this Contract, any cash, rebate and net trade-in value described in the *Itemization of Amount Financed*.

☐ You agree to make deferred down payments as set forth in your Payment Schedule.

☐ **Additional Charge.** You agree to pay an additional charge of $ N/A that will be ☐ paid in cash. ☐ financed over the term of the Contract.

Retail Installment Contract-UT Not for use in transactions secured by a dwelling.
Bankers Systems™ VMP®
Wolters Kluwer Financial Services © 2015

EF
RSSIMVLFLZUT 10/10/2015
Page 1 of 5

DocuSign Envelope ID: 7992D-24807-44AD-B0627057 Case 21-24807 Doc 27 Filed 11/18/21 Entered 11/18/21 13:38:59 Desc Main Document Page 8 of 14

THIS IS A COPY
This is a copy view of the Authoritative Copy held by the designated custodian

## Itemization of Amount Financed

| | | |
|---|---|---|
| a. | **Cash Price** of Vehicle, etc. (incl. sales tax of $ _____982.10_____ ) | $ _____17,082.10_____ |
| b. | Trade-in allowance | $ _____0.00_____ |
| c. | Less: Amount owing, paid to (includes k): _____N/A_____ | $ _____N/A_____ |
| d. | Net trade-in (b-c; if negative, enter $0 here and enter the amount on line k) | $ _____0.00_____ |
| e. | Cash payment | $ _____300.00_____ |
| f. | Manufacturer's rebate | $ _____0.00_____ |
| g. | Deferred down payment | $ _____0.00_____ |
| h. | Other down payment (describe) _____N/A_____ | $ _____N/A_____ |
| i. | **Down Payment** (d+e+f+g+h) | $ _____300.00_____ |
| j. | **Unpaid balance of Cash Price** (a-i) | $ _____16,782.10_____ |
| k. | Financed trade-in balance (see line d) | $ _____0.00_____ |
| l. | Paid to public officials, including filing fees | $ _____283.00_____ |
| m. | Insurance premiums paid to insurance company(ies) | $ _____0.00_____ |
| n. | Service Contract, paid to: _____N/A_____ | $ _____0.00_____ |
| o. | To: _____Delivery Fees_____ | $ _____399.00_____ |
| p. | To: _____N/A_____ | $ _____N/A_____ |
| q. | To: _____N/A_____ | $ _____N/A_____ |
| r. | To: _____N/A_____ | $ _____N/A_____ |
| s. | To: _____N/A_____ | $ _____N/A_____ |
| t. | To: _____N/A_____ | $ _____N/A_____ |
| u. | To: _____N/A_____ | $ _____N/A_____ |
| v. | To: _____N/A_____ | $ _____N/A_____ |
| w. | To: _____N/A_____ | $ _____N/A_____ |
| x. | To: _____N/A_____ | $ _____N/A_____ |
| y. | **Total Other Charges/Amts Paid** (k thru x) | $ _____682.00_____ |
| z. | **Prepaid Finance Charge** | $ _____0.00_____ |
| aa. | **Amount Financed** (j+y-z) | $ _____17,464.10_____ |

We may retain or receive a portion of any amounts paid to others.

*[This area intentionally left blank.]*

## Insurance Disclosures

**Credit Insurance.** Credit life and credit disability (accident and health) are not required to obtain credit and are not a factor in the credit decision. We will not provide them unless you sign and agree to pay the additional premium. If you want such insurance, we will obtain it for you (if you qualify for coverage). We are quoting below **only** the coverages you have chosen to purchase.

**Credit Life**
☐ Single   ☐ Joint   ☐ None
Premium $ _____N/A_____   Term _____N/A_____
Insured _____N/A_____

**Credit Disability**
☐ Single   ☐ Joint   ☐ None
Premium $ _____N/A_____   Term _____N/A_____
Insured _____N/A_____

Your signature below means you want (only) the insurance coverage(s) quoted above. If "None" is checked, you have declined the coverage we offered.

By: _____N/A_____   DOB _____N/A_____

By: _____N/A_____   DOB _____N/A_____

By: _____N/A_____   DOB _____N/A_____

**Property Insurance.** You must insure the Property. You must furnish the required insurance either through existing policies of insurance owned or controlled by you or by procuring the equivalent insurance coverage through any insurance company reasonably acceptable to us. The collision coverage deductible may not exceed $ _____1,000_____ . If you get insurance from or through us you will pay $ _____N/A_____ for _____N/A_____ of coverage.

This premium is calculated as follows:
☐ $ _____N/A_____ Deductible, Collision Cov.   $ _____N/A_____
☐ $ _____N/A_____ Deductible, Comprehensive   $ _____N/A_____
☐ Fire-Theft and Combined Additional Cov.   $ _____N/A_____
☐ _____N/A_____   $ _____N/A_____

**Liability insurance coverage for bodily injury and property damage caused to others is not included in this Contract unless checked and indicated.**

☐ **Single-Interest Insurance.** You must purchase single-interest insurance as part of this sale transaction. You may furnish the required insurance either through existing policies of insurance owned or controlled by you or by procuring the equivalent insurance coverage through any insurance company reasonably acceptable to us. If you buy the coverage from or through us, you will pay $ _____N/A_____ for _____N/A_____ of coverage.

### Additional Protections

**You may buy any of the following voluntary protection plans. They are not required to obtain credit, are not a factor in the credit decision, and are not a factor in the terms of the credit or the related sale of the Vehicle. The voluntary protections will not be provided unless you sign and agree to pay the additional cost.**

Your signature below means that you want the described item and that you have received and reviewed a copy of the contract(s) for the product(s). If no coverage or charge is given for an item, you have declined any such coverage we offered.

☐ **Service Contract**
Term      N/A months
Price      $ N/A
Coverage      N/A N/A

☐ **Gap Waiver or Gap Coverage**
Term      69
Price      $ 0.00
Coverage

☐      N/A
Term      N/A
Price      $ N/A
Coverage      N/A

*Esmefelsch*      11/12/19
By: Esmeralda Noemi Felsch      Date

N/A      N/A
By:      Date

N/A      N/A
By:      Date

### Additional Terms of the Sales Agreement

**Definitions.** *"Contract"* refers to this Retail Installment Contract and Security Agreement. The pronouns *"you"* and *"your"* refer to each Buyer signing this Contract, and any guarantors, jointly and individually. The pronouns *"we"*, *"us"* and *"our"* refer to the Seller and any entity to which it may transfer this Contract. *"Vehicle"* means each motor vehicle described in the *Description of Property* section. *"Property"* means the Vehicle and all other property described in the *Description of Property* and *Additional Protections* sections.

**Purchase of Property.** You agree to purchase the Property from Seller, subject to the terms and conditions of this Contract. Seller will not make any repairs or additions to the Vehicle except as noted in the *Description of Property* section.

You have been given the opportunity to purchase the Property and described services for the Cash Price or the Total Sale Price. The *"Total Sale Price"* is the total price of the Property if you buy it over time.

**General Terms.** The Total Sale Price shown in the *Truth-In-Lending Disclosure* assumes that all payments will be made as scheduled. The actual amount you will pay will be more if you pay late and less if you pay early.

We do not intend to charge or collect, and you do not agree to pay, any finance charge or fee that is more than the maximum amount permitted for this sale by state or federal law. If you pay a finance charge or fee that exceeds that maximum amount, we will first apply the excess amount to reduce the principal balance and, when the principal has been paid in full, refund any remaining amount to you.

You understand and agree that some payments to third parties as a part of this Contract may involve money retained by us or paid back to us as commissions or other remuneration.

You agree that the Property will not be used as a dwelling.

**CLASS ACTION WAIVER: YOU AGREE THAT YOU WAIVE YOUR RIGHT TO INITIATE OR PARTICIPATE IN A CLASS ACTION RELATED TO THIS CONTRACT.**

**Prepayment.** You may prepay this Contract in full or in part at any time without penalty. Any partial prepayment will not excuse any later scheduled payments. If we get a refund of any unearned insurance premiums that you paid, you agree that we may subtract the refund from the amount you owe, unless otherwise provided by law.

**Balloon Payment.** If any scheduled payment is more than twice as large as the average of all other regularly scheduled payments, you may refinance that payment when due on terms no less favorable than what we then offer to the general public if we are offering this type of credit and you are creditworthy.

**Returned Payment Charge.** If you make any payment by **check** required by this Contract that is dishonored (and not honored if we represent it) then you agree to pay us a service charge of $20.00; additional fees may be imposed as provided by law.

If you have scheduled any other form of payment (electronic transfer, for example) and that payment is dishonored, you agree to pay us a service charge of $20.00.

**Governing Law and Interpretation.** This Contract is governed by the law of Utah and applicable federal law and regulations.

If any section or provision of this Contract is not enforceable, the other terms will remain part of this Contract. You authorize us to correct any clerical error or omissions in this Contract or in any related document.

**Name and Location.** Your name and address set forth in this Contract are your exact legal name and your principal residence. You will provide us with at least 30 days notice before you change your name or principal residence.

**Telephone Monitoring and Calling.** You agree that we may from time to time monitor and record telephone calls made or received by us or our agents regarding your account to assure the quality of our service. In order for us to service the account or to collect any amounts you may owe, and subject to applicable law, you agree that we may from time to time make calls and send text messages to you using prerecorded/artificial voice messages or through the use of an automatic dialing device at any telephone number you provide to us in connection with your account, including a mobile telephone number that could result in charges to you.

**Default.** You will be in default on this Contract if any one of the following occurs (except as prohibited by law):
◆ You fail to perform any obligation that you have undertaken in this Contract.
◆ We, in good faith, believe that you cannot, or will not, pay or perform the obligations you have agreed to in this Contract.

If you default, you agree to pay our costs for collecting amounts owing, including court costs and fees for repossession, repair, storage and sale of the Property securing this Contract. You also agree to pay our reasonable attorneys' fees after default (including an attorney who is a salaried employee of ours or our assignee).

If an event of default occurs as to any of you, we may exercise our remedies against any or all of you.

**Remedies.** If you are in default on this Contract, we have all of the remedies provided by law and this Contract. Those remedies include:
◆ We may require you to immediately pay us, subject to any refund required by law, the remaining unpaid balance of the amount financed, finance charges and all other agreed charges.
◆ We may pay taxes, assessments, or other liens or make repairs to the Property if you have not done so. We are not required to do so. You will repay us that amount immediately. That amount will earn time price differential from the date we pay it at the post-maturity rate described in the *Payment* section until paid in full.
◆ We may require you to make the Property available to us at a place we designate that is reasonably convenient to you and us.
◆ We may immediately take possession of the Property by legal process or self-help, but in doing so we may not breach the peace or unlawfully enter onto your premises.
◆ We may then sell the Property and apply what we receive as provided by law to our reasonable expenses and then toward what you owe us.
◆ Except when prohibited by law, we may sue you for additional amounts if the proceeds of a sale do not pay all of the amounts you owe us.



DocuSign Envelope ID: 7692BD24-8074-4AD3-8C27-0577E7C3561D

THIS IS A COPY
This is a copy view of the Authoritative Copy held by the designated custodian

COPY VIEW

By choosing any one or more of these remedies, we do not give up our right to later use another remedy. By deciding not to use any remedy, we do not give up our right to consider the event a default if it happens again.

You agree that if any notice is required to be given to you of an intended sale or transfer of the Property, notice is reasonable if mailed to your last known address, as reflected in our records, at least 10 days before the date of the intended sale or transfer (or such other period of time as is required by law).

You agree that we may take possession of personal property left in or on the Property securing this Contract and taken into possession as provided above. You may have a right to recover that property.

If the Property has an electronic tracking device, you agree that we may use the device to find the vehicle.

**Obligations Independent.** Each person who signs this Contract agrees to pay this Contract according to its terms. This means the following:
- You must pay this Contract even if someone else has also signed it.
- We may release any co-buyer or guarantor and you will still be obligated to pay this Contract.
- We may release any security and you will still be obligated to pay this Contract.
- If we give up any of our rights, it will not affect your duty to pay this Contract.
- If we extend new credit or renew this Contract, it will not affect your duty to pay this Contract.

**Warranty.** Warranty information is provided to you separately.

### Security Agreement

**Security.** To secure your payment and performance under the terms of this Contract, you give us a security interest in the Vehicle, all accessions, attachments, accessories, and equipment placed in or on the Vehicle and in all other Property. You also assign to us and give us a security interest in proceeds and premium refunds of any insurance and service contracts purchased with this Contract.

**Duties Toward Property.** By giving us a security interest in the Property, you represent and agree to the following:
- You will defend our interests in the Property against claims made by anyone else. You will keep our claim to the Property ahead of the claim of anyone else. You will not do anything to change our interest in the Property.
- You will keep the Property in your possession and in good condition and repair. You will use the Property for its intended and lawful purposes.
- You agree not to remove the Property from the U.S. without our prior written consent.
- You will not attempt to sell the Property, transfer any rights in the Property, or grant another lien on the Property without our prior written consent.
- You will pay all taxes and assessments on the Property as they become due.
- You will notify us with reasonable promptness of any loss or damage to the Property.
- You will provide us reasonable access to the Property for the purpose of inspection. Our entry and inspection must be accomplished lawfully, and without breaching the peace.

**Agreement to Provide Insurance.** You agree to provide property insurance on the Property protecting against loss and physical damage and subject to a maximum deductible amount indicated in the *Insurance Disclosures* section, or as we will otherwise require. You will name us as loss payee on any such policy. Generally, the loss payee is the one to be paid the policy benefits in case of loss or damage to the Property. In the event of loss or damage to the Property, we may require additional security or assurances of payment before we allow insurance proceeds to be used to repair or replace the Property. You agree that if the insurance proceeds do not cover the amounts you still owe us, you will pay the difference. You will keep the insurance in full force and effect until this Contract is paid in full.

If you fail to obtain or maintain this insurance, or name us as loss payee, we may obtain insurance to protect our interest in the Property. This insurance may be written by a company other than one you would choose. It may be written at a rate higher than a rate you could obtain if you purchased the property insurance required by this Contract. We will add the premium for this insurance to the amount you owe us. Any amount we pay will be due immediately. This amount will earn finance charges from the date paid at the post-maturity rate described in the *Payment* section until paid in full.

**Gap Waiver or Gap Coverage.** In the event of theft or damage to the Vehicle that results in a total loss, there may be a gap between the amount due under the terms of the Contract and the proceeds of your insurance settlement and deductibles. You are liable for this difference. You have the option of purchasing Gap Waiver or Gap Coverage to cover the gap liability, subject to any conditions and exclusions in the Gap Waiver or Gap Coverage agreements.

### Notices

**Note.** If the primary use of the Vehicle is non-consumer, this is not a consumer contract, and the following notice does not apply. **NOTICE. ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**

**If you are buying a used vehicle: The information you see on the window form for this vehicle is part of this contract. Information on the window form overrides any contrary provisions in the contract of sale.**

**Sí compra un vehículo usado: La información que ve adherida en la ventanilla forma parte de éste contrato. La información contenida en el formulario de la ventanilla prevalece por sobre toda otra disposición en contrario incluida en el contrato de compraventa.**

### Third Party Agreement

(This section applies ONLY to a person who will have an ownership interest in the Property but is NOT a Buyer obligated to pay this Contract ("Third Party Owner").)

In this section only, "*you*" means only the person signing this section.

By signing below you agree to give us a security interest in the Property described in the *Description of Property* section. You also agree to the terms of this Contract except that you will not be liable for the payments it requires. Your interest in the Property may be used to satisfy the Buyer's obligation. You agree that we may renew, extend or change this Contract, or release any party or Property without releasing you from this Contract. We may take these steps without notice or demand upon you.

**You acknowledge receipt of a completed copy of this Contract.**

| N/A | N/A |
|---|---|
| **By:** Signature of Third Party Owner (NOT the Buyer) | Date |

*[This area intentionally left blank.]*



THIS IS A COPY
This is a copy view of the Authoritative Copy held by the designated custodian

☒ **Electronic Signature Acknowledgment.** You agree that (i) you viewed and read this entire Contract before signing it, (ii) you signed this Contract with one or more electronic signatures, (iii) you intend to enter into this Contract and your electronic signature has the same effect as your written ink signature, (iv) you received a paper copy of this Contract after it was signed, and (v) the authoritative copy of this Contract shall reside in a document management system held by Seller in the ordinary course of business. You understand that Seller may transfer this Contract to another company in the electronic form or as a paper version of that electronic form which would then become the authoritative copy. Seller or that other company may enforce this Contract in the electronic form or as a paper version of that electronic form. You may enforce the paper version of the Contract copy that you received.

**Assignment.** This Contract and Security Agreement is assigned to
__N/A_____

_____ ,
the Assignee, phone _____N/A_____ . This assignment is made under the terms of a separate agreement made between the Seller and Assignee.
☐ This Assignment is made with recourse.

**Seller**


__N/A_____
By:                                                                          Date

### Signature Notices

*The Annual Percentage Rate may be negotiable with the Seller. The Seller may assign this Contract and retain its right to receive a part of the Finance Charge.*

### Signatures

**Entire Agreement.** Your and our entire agreement is contained in this Contract. There are no unwritten agreements regarding this Contract. Any change to this Contract must be in writing and signed by you and us.

___*Esmefelsch*_____  11/12/19
By: Esmeralda Noemi Felsch                Date

_____N/A_____  _____N/A_____
By:                                          Date

_____N/A_____  _____N/A_____
By:                                          Date

**Notice to Buyer.** (1) Do not sign this Contract before you read it or if it contains any blank spaces. (2) You are entitled to a completely filled-in copy of this Contract.

By signing below, you agree to the terms of this Contract. You received a copy of this Contract and had a chance to read and review it before you signed it.

**Buyer**

___*Esmefelsch*_____  11/12/19
By: Esmeralda Noemi Felsch                Date

_____N/A_____  _____N/A_____
By:                                          Date

_____N/A_____  _____N/A_____
By:                                          Date

**Seller**

_____  11/12/19
By: CARVANA, LLC                              Date

---

Retail Installment Contract-UT Not for use in transactions secured by a dwelling.
Bankers Systems™ VMP®
Wolters Kluwer Financial Services © 2015


RSSIMVLFLZUT 10/10/2015
Page 5 of 5

**CARVANA**

1930 W. Rio Salado Pkwy
Tempe, AZ 85281
Office: 602.852.6604
Fax: 602.667.2581
Email: legal@carvana.com

Date: September 09, 2019

To Whom It May Concern,

This letter shall serve as formal acknowledgement that Bridgecrest is a valid loan servicer for Carvana loans.

If you have any questions, please contact me at the email address or phone number above.

Sincerely,

Name: Paul Breaux

Title: General Counsel, Vice President, and Secretary

Exhibit "C"

 NADAguides Value Report 11/18/2021

# 2017 Jeep Renegade
## Utility 4D Latitude AWD

⇄ CHANGE CAR    ⊕ COMPARE

## Values

|  | Rough Trade-In | Average Trade-In | Clean Trade-In | Clean Retail |
|---|---|---|---|---|
| Base Price | $15,250 | $16,600 | $17,675 | $19,900 |
| Mileage (73,411) | -$325 | -$325 | -$325 | -$325 |
| Total Base Price | $14,925 | $16,275 | $17,350 | $19,575 |
| Options |  |  |  |  |
| **Price + Options** | **$14,925** | **$16,275** | **$17,350** | **$19,575** |

Sell my car fast. **Get Offer.**

| Certified Pre-Owned (CPO) ⓘ |  |  |  | +$1,225 |
|---|---|---|---|---|
| **Certified Price with Options** |  |  |  | **$20,800** |